**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

SIDNEY KEYS, SR.,               )
                                )
        Plaintiff,              )
                                )
    v.                          )          No. 4:24-cv-00684-SPM
                                )
BUSEY BANK HEADQUARTERS,        )
                                )
        Defendant.              )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Sidney Keys's Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 3). Having reviewed the Application and the financial information provided therein, the Court will grant the Application and allow Plaintiff to proceed in forma pauperis in this matter. Nevertheless, the Court will dismiss this action without prejudice for the reasons discussed below.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-

represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Plaintiff has filed numerous lawsuits in this Court. In March 2024 alone, he filed 12 new cases in this district. The present action arises from Plaintiff's visit to Busey Bank on May 3, 2024. (ECF No. 1). Plaintiff asserts that a bank employee told him he would need to open a savings account with $300.00 before he could apply for a secured credit card. *Id.* According to Plaintiff, there is no such requirement and the employee's misrepresentation was racially motivated. *Id.* Plaintiff seeks $20 million in damages. *Id.*

### Discussion

Plaintiff identifies racial discrimination as the basis of his claims. Section 1981 of Title 42 of the United States Code provides, in relevant part, that "[a]ll persons within the jurisdiction of

2

the United States shall have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. § 1981(a). To "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). To assert a prima facie claim under § 1981, Plaintiff must allege, among other things, that: (1) he was a member of a protected class; and (2) the defendant acted with discriminatory intent. *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 962 (8th Cir. 2023).

Plaintiff is an African American man. He contends that Busey Bank refused to extend him credit on the basis of "racial discrimination." Despite this contention, Plaintiff offers no factual allegations that would allow the Court to infer racial animus. Plaintiff's bald assertion of discrimination constitutes a legal conclusion that the Court need not accept as true. *See Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that the court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation"). Thus, the Court finds that Plaintiff has failed to state a plausible claim of racial discrimination. The Court will not supply additional facts for Plaintiff, nor will it construct a legal theory that assumes unalleged facts. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## Conclusion

Having thoroughly reviewed and liberally construed the Complaint, the Court finds that it fails to state a plausible claim of racial discrimination under § 1981. Plaintiff does not identify, nor can the Court discern, any other potential theory of recovery. For these reasons, the Court will

dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §

1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court

Without Prepaying Fees or Costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF

No. 2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate

Order of Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of October, 2024.

_____

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

4